JONES, Chief Judge,
concurring:
I concur in the majority opinion, but would add the following comment.
I believe that in declining to appear before the Board under the conditions shown to exist at the time of its tender Dr. Grubin acted as any man of normal sensibilities who possessed medical skill would have acted in the circumstances. It was an emergency condition that called for the action of the times. He was advised by defendant’s officials that it would take considerable time to process a retirement for disability. His brother was being shipped back from the Philippines with a paralytical attack of poliomyelitis, a disease in which early attention is vital. His brother’s life was at stake. Should he pursue his own retirement without regard to his brother’s critical condition? We know of no other measuring device for human conduct than this — how would the average sensible man who possessed a doctor’s skill have reacted in the same or similar circumstances? Most sensible men would have reacted just as the doctor did.
I adhere to the position I have heretofore taken that if a claimant who is familiar with all the facts has been tendered retiring board action and declines to go before such board the cause of action accrues at that time, and the 6-year statute of limitations begins to run unless the circumstances are very unusual. Thus, even in normal cases claimants have 6 full years within which to protect their rights by filing suit. In this case extraordinary and compelling circumstances confronted Dr. Grubin — just as they confronted Dr. Harper— which thoroughly justify an exception to what I regard as the general rule that should ordinarily be applied.